UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOT FOR PUBLICATION
CELESTE WENEGIEME,

                              Plaintiff,   **MEMORANDUM AND ORDER**

-against-   16-CV-2634 (AMD)

US BANK NATIONAL ASSOCIATION,
STEVEN J. BAUM, MELISSA HIVELY,
KRYSTAL HALL, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                              Defendants.
-----------------------------------------------------------X

DONNELLY, United States District Judge:

On May 24, 2016, the plaintiff, Celeste Wenegieme, appearing *pro se*, filed this action against defendants pursuant to the Court's diversity jurisdiction. The plaintiff paid the filing fee to commence this action. The complaint is dismissed for lack of subject matter jurisdiction with leave to file an amended complaint within 30 days of the date of this Order as set forth below.

## BACKGROUND

The plaintiff's action concerns a foreclosure proceeding of property located at 170 Monroe Street in Brooklyn pending in state court under Index Number 506697/2015. The plaintiff alleges that defendant U.S. Bank National Association and defendant Steven Baum filed a "fraudulent mortgage assignment ... in this foreclosure proceeding." (Compl. at 7, Ex. D.) A prior state court action under Index Number 15435/2009 seeking foreclosure against the same property was discontinued. (*See id.* at 6, Ex. C.) The plaintiff also alleges that defendant U.S. Bank National Association withdrew its claim against the same property in a bankruptcy proceeding filed by the plaintiff in the United States Bankruptcy Court for the District of Maryland. (*See id.* at 5, Ex. B.) The plaintiff seeks, *inter alia*, damages and to "stop illegal foreclosure proceedings." (*Id.* at 7.)

1

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing the complaint, the Court is aware that the plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Even if the plaintiff has paid the Court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 262, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Federal Savings Banks*, 224 F. App'x 334, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee-paid frivolous complaint), or that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order).

## DISCUSSION

A. <u>Diversity Jurisdiction</u>

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction in available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and the defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required in order to proceed under § 1332(a)(1); in other words, the plaintiff's citizenship must be different from the citizenship of each defendant. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, although the amount in controversy is met, the plaintiff fails to establish complete diversity jurisdiction because she is a citizen of New York and she has named a New York citizen, Steven J. Baum, as a defendant. *See* 28 U.S.C. § 1332(a)(1). If the plaintiff and even one defendant are citizens of the same state, diversity of citizenship is defeated, and the Court will lack subject matter jurisdiction over the plaintiff's complaint. *Aurora Loan Services LLC v. Sadek*, No. 09 Civ. 9651, 2011 WL 3678005, at *2 (S.D.N.Y. Aug. 22, 2011) ("Put simply, [complete diversity] means that no plaintiff can be a citizen of the same state as a defendant."). Nevertheless, the Court should permit "plaintiffs to amend complaints 'to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (summary order) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court grants the plaintiff leave to amend the complaint in order to invoke diversity jurisdiction properly as set forth above.

### B. Younger Abstention

Under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the district court is without jurisdiction over the plaintiff's injunctive relief claims. *See Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir.1995) (*Younger* applies to claims for injunctive and declaratory relief). *Younger* abstention is triggered by three categories of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013). Here, the third prong of the *Sprint* rationale applies. The plaintiff seeks injunctive relief relating to the same property that is the subject matter of the underlying state court action. The plaintiff alleges that defendant U.S. Bank National Association commenced a foreclosure action under Index No. 506697/2015 and that the state court proceedings are ongoing. Therefore, this portion of the plaintiff's complaint is dismissed without prejudice. *See Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) (observing that jurisdictional dismissals are without prejudice) (summary order).

### C. Anti-Injunction Act

The plaintiff's request for injunctive relief is also precluded by the Anti-Injunction Act, which provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970).

The Second Circuit has held that the Anti-Injunction Act applies to state court foreclosure proceedings. *See Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (holding that the Anti–Injunction Act did not permit injunction of state court foreclosure proceeding); *Abbatiello v. Wells Fargo Bank N.A.*, No. 15-CV-4210, 2015 WL 5884797 (E.D.N.Y. Oct. 8, 2015). Therefore, the portion of the plaintiff's complaint seeking injunctive relief with regard to the ongoing foreclosure proceeding is barred by the Anti-Injunction Act.

## **CONCLUSION**

Accordingly, the complaint seeking damages is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The plaintiff's complaint seeking injunctive relief in the state court action pending under Index No 506696/2015 is dismissed under the *Younger* Abstention doctrine and the Anti-Injunction Act.

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within 30 days from the entry of this Memorandum and Order as set forth above. If the plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 16-CV-2634 (AMD). Should the plaintiff seek to invoke the Court's diversity jurisdiction, the plaintiff must establish that there is complete diversity of citizenship between the parties and that the amount in controversy is over $75,000. 28 U.S.C. § 1332. All further proceedings shall be stayed for 30 days. The amended complaint shall replace the original complaint. If the plaintiff fails to file an amended complaint within the time allowed or show good cause why she cannot comply, judgment dismissing this action shall be entered. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3).

Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

               s/Ann M. Donnelly
               ANN M. DONNELLY
               United States District Judge

Dated: June 9, 2016
Brooklyn, New York